**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 29, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

HAROLD E. HAWKINS, JR.,

Plaintiff- Appellant,

v.

CARL LEMONS, Police Officer,
individually and as an employee for the
State of Kansas; FONGVILAY
PHOMMACHANH, Police Officer,
individually and as an employee of the
State of Kansas; JANE AND JOHN
DOES; DENNY'S CO., INC., Food
Corporation of America,

Defendants - Appellees.

No. 09-3294

(D. Kansas)

(D.C. No. 5:09-CV-03116-SAC)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining appellant's brief and the appellate record, this court has

determined unanimously that oral argument would not materially assist the

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).
The case is therefore ordered submitted without oral argument.

Proceeding *pro se* and *in forma pauperis*, Harold E. Hawkins, Jr., appeals
the dismissal of the civil rights complaint he brought pursuant to 42 U.S.C.
§§ 1983 and 1985.  In the complaint, originally filed on June 4, 2009, Hawkins
alleged two Wichita police officers attacked and shot him because he is an
African-American man.  He also alleged the same two officers conspired to
commit fraud and testified falsely at his criminal trial.  The district court
concluded the claims relating to the shooting were barred by the applicable two-
year statute of limitations.[1]  *See Brown v. Unified Sch. Dist. 501, Topeka Pub.
Schs.*, 465 F.3d 1184, 1188 (10th Cir. 2006).  It further concluded the claim for
the alleged false testimony was premature under *Heck v. Humphrey*, 512 U.S. 477
(1994).  The court gave Hawkins thirty days to amend his complaint to cure any
deficiencies and assert any facts to support tolling the limitations period.  *See*
Kan. Stat. Ann. § 60-515(a) (providing the two-year statute of limitations may be
tolled for an inmate who is "imprisoned for a term less than such person's natural
life" if the inmate was denied "access to the court for purposes of bringing an
action").

---

[1]The district court also concluded Hawkins's complaint did not allege
actionable constitutional claims against "John & Jane Does" and "Denny's Co.,
Inc., Food corporation of America."  Hawkins voluntarily relinquished these
claims in his amended complaint and they are not implicated in this appeal.

Hawkins filed an amended complaint on September 2, 2009, addressing the statute of limitations issue and also attempting to raise new claims of inadequate medical care against the Sedgwick County Jail and the Warden at the Hutchinson Correctional Facility. The district court concluded Hawkins was not entitled to equitable tolling. The court reasoned he knew his constitutional rights were allegedly violated on March 12, 2006, when he was shot. Neither Hawkins's incomplete understanding of the legal issues, nor the pendency of the state criminal prosecution, nor Hawkins's medical condition prevented him from filing his civil rights complaint. The court refused to consider the newly asserted claims of inadequate medical care, concluding they had no questions of law or fact in common with the claims originally filed and, thus, must be brought in a separate action. *See* Fed. R. Civ. P. 20(a)(2).

We have reviewed the record, Hawkins's brief, and the applicable law. Finding no reversible error, we **affirm** the district court's dismissal of Hawkins's complaint for substantially the reasons stated in the district court's orders dated August 12, 2009 and September 30, 2009. We remind Hawkins of his obligation to continue making partial payments until his appellate filing fee is paid in full. *See* 28 U.S.C. § 1915(b).

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge

-3-